Slip Op. 14- 46

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THAI UNION FROZEN PRODUCTS PUBLIC CO., LTD., THAI UNION SEAFOOD CO., LTD., THAI ROYAL FROZEN FOOD CO., LTD., MARINE GOLD PRODUCTS LIMITED, and PAKFOOD PUBLIC COMPANY LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> COALITION OF GULF SHRIMP INDUSTRIES, <br><br> Defendant-Intervenor. | Before: Jane A. Restani, Judge <br><br> Court No. 13-00330 |

## OPINION

[Motions to dismiss complaint challenging Commerce's negative determination in countervailing duty investigation granted.]

Dated: April 23, 2014

Robert G. Gosselink, Trade Pacific, PLLC, of Washington, DC, for the plaintiffs.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for the defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Jessica M. Forton, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Elizabeth J. Drake, Terence P. Stewart, and Stephanie M. Bell, Stewart and Stewart, of Washington, DC, and Edward T. Hayes, Leake & Andersson, LLP, of New Orleans, LA, for the defendant-intervenors.

Court No. 13-00330 Page 2

Restani, Judge: This matter is before the court on two motions to dismiss filed pursuant to Rule 12(b)(1) of the United States Court of International Trade by defendant United States and defendant-intervenor Coalition of Gulf Shrimp Industries ("COGSI"). Defendant-Intervenor's Motion to Dismiss Case, ECF No. 20; Defendant's Motion to Dismiss Case, ECF No. 22. COGSI and the United States move to dismiss the complaint filed by plaintiffs Thai Union Frozen Products Public Co., Ltd., Thai Union Seafood Co., Ltd., Thai Royal Frozen Food Co., Ltd., Marine Gold Products Limited, and Pakfood Public Company Limited Royal Thai because plaintiffs lack standing under Article III of the Constitution as there is no live "case or controversy."

For the same reasons as those set out in the opinion in <u>Royal Thai Government v. United States</u>, Ct. No. 13-00333, filed concurrently with this opinion, the motions to dismiss are granted without prejudice. Plaintiffs attempt to distinguish their arguments from those raised in <u>Royal Thai Government</u> by speculating that cash deposits could be required in the future during the time in between a hypothetical affirmative determination on remand by the U.S. Department of Commerce ("Commerce") and a negative determination by the International Trade Commission. <u>See</u> Pls.' Opp. to Mots. to Dismiss, ECF No. 24, 4 n.1. This argument is nothing more than speculation at this point, as no actual "injury in fact" will ever accrue to plaintiffs unless and until COGSI succeeds in its appeal before the court and Commerce renders an affirmative final determination on remand; at present, all that plaintiffs could obtain in this action would be an advisory opinion from the court, rather than any concrete relief. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992); <u>Georgetown Steel Corp. v. United States</u>, 16 CIT 1084, 810 F. Supp. 318, 322 (1992) (cautioning against advisory opinions).

Court No. 13-00330                                                                                              Page 3

      Judgment will issue accordingly.

                                                                     /s/ Jane A. Restani
                                                                       Jane A. Restani
                                                                            Judge

Dated: April 23, 2014
       New York, New York